DAVID THOMAS, APPELLEE, V. STEPHEN JARECKI, APPELLANT.

FILED DECEMBER 30, 1922.    No. 22188.

1. **Trial:** QUESTION FOR THE JURY. Where the state of the record is such that a verdict of the jury either way would be supported by sufficient evidence, the case should be submitted to the jury.

2. **Evidence:** EXCHANGE OF LANDS: RES GESTÆ. Where on an exchange of lands a real estate agent, with the full knowledge of both parties, acts for both, conversations between him and either party upon the subject of the trade are admissible as a part of the *res gestæ.*

3. **Brokers:** KNOWLEDGE OF BROKER. In such case, in the absence of fraud, knowledge of the agent of facts connected with the transaction is the knowledge of the principals.

APPEAL from the district court for Platte county: A. M. POST, JUDGE. *Reversed.*

*Reeder & Lightner* and *McElfresh & Walker*, for appellant:

*Albert & Wagner, contra.*

Heard before Letton, Rose, Day and Dean, JJ., Redick, District Judge.

Redick, District Judge.

The parties exchanged farms. Plaintiff sues to recover for a deficiency of 6 acres in the farm received by him, and defendant counterclaims for a deficiency of eight acres in the farm deeded by plaintiff. Misrepresentations as to the acreage are charged on both sides. One of the principal questions litigated was whether the respective sales were by the acre or by the farm; others were as to the fact of false representations, the reliance thereon, and whether or not they constituted the inducement for the trade. Trial to court and jury, and, after all evidence was in, the court instructed the jury to return a verdict for plaintiff; verdict was returned for plaintiff on the counterclaim, and for plaintiff for $928 on his claim; judgment on the verdict and defendant appeals.

A careful perusal of the record shows that the evidence warrants the drawing of different inferences and is therefore conflicting. It is too well settled in this state to require citation of authorities that, where the state of the record is such that a verdict of the jury either way would be supported by sufficient evidence, the question is for the jury. On the plaintiff's case there were at least three questions of fact which the jury should have been permitted to pass upon: (1) Whether the sale was by the acre or in gross; if the latter, then, (2) whether the deficiency in acreage was so great as to amount to a fraud; (3) whether plaintiff relied upon the recitals in the contract and deed as to the acreage and was thereby induced to make the trade. On the first question we think, on the record before us, a finding of a sale

by the acre would not be supported; but, upon the other two, reasonable minds might very well differ as to the proper inferences to be drawn from the testimony and the circumstances surrounding the transaction. The court erred in directing a verdict for plaintiff on his cause of action.

The defendant's counterclaim even more clearly presented questions for the jury: (1) Whether the representation was substantially false; (2) whether defendant relied upon its literal truth and was thereby induced to make the trade. Whether or not certain statements and representations were in fact made may be so clearly established as to justify the court in many instances in directing the finding of the jury on that point; but the questions of a party's reliance upon the representations, and to what extent, if at all, they induced him to enter into the contract, are of a much more complicated nature, depending for their proper solution upon a consideration of all the facts and circumstances shown in the evidence, and are seldom for the court. The counterclaim in this case should have been submitted to the jury.

Error is assigned upon the ruling of the court excluding evidence by appellant to the effect that he objected to the statement of 240 acres in the deed in a conversation with Byrnes when Thomas was not shown to be present. Byrnes was acting as agent for both parties with their full knowledge and consent, and conversations with Byrnes by either party were competent as part of the *res gestæ*, and for the purpose of showing actual knowledge of a material fact by either party, or constructive notice thereof, by reason of the agency. Mechem, Agency (1st ed.) sec. 67; *Pine Mountain Iron & Coal Co. v. Bailey*, 94 Fed. 258; 2 C. J. 872, sec. 552. The evidence should have been received.

For errors in not submitting the claims of the respective parties to the jury, the judgment is

REVERSED.